GILBERT HILAIRE GRENIER PETIT and wife *v.* HENRY R. GRANDMONT.

An act of sale stipulated that the notes given for the price were to remain with the Notary, until a mortgage existing on the property should be cancelled. Plaintiffs obtained an order of seizure and sale, without having produced any evidence of the cancelling of the mortgage. On an appeal by the defendant, and assignment of the want of evidence of the cancelling as error apparent on the face of the record, plaintiffs offered a certificate of the Recorder of Mortgages to show that the mortgage had been cancelled. *Held,* that the cancelling not having been alleged or proved in the inferior court, no evidence could be offered to prove it on the appeal.

APPEAL from the Parish Court of New Orleans, *Maurian,* J.

MARTIN, J. The defendant is appellant from a judgment directing the issue of an order of seizure and sale against certain slaves which he purchased from the plaintiffs, and he assigns as an error apparent on the face of the record, that the bill of sale contains an express stipulation that the note, on which the order of seizure and sale was obtained, should remain in the possession of the Notary before whom the sale was made, until a mortgage which bore upon those slaves should be raised, and that there is no evidence of its having been so raised; that the plaintiffs had, therefore, no right to take the defendant's note from the custody of the Notary with whom it had been deposited; and that until the mortgage should be cancelled, they could not make any demand of the

amount of the note, nor claim any order of seizure and sale thereon. The appellees endeavored to show in this court, that the mortgage had been raised, by the production of the certificate of the Recorder of Mortgages to that effect; but as this piece of evidence came directly before us from the pocket of their attorney, and the raising had not been alleged below, we cannot attend to it.

It is, therefore, ordered that the judgment be reversed, and the order of seizure and sale quashed; the plaintiffs and appellees paying the costs in both courts.

*Castera,* for the plaintiffs.

*D. Seghers,* for the appellant.